UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KARI CALLAWAY, Individually, and as
Personal Representative of the ESTATE OF
ERNEST CARL JOHANSEN,

Plaintiff,

v.

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, a foreign insurance corporation,

Defendant.

Case No. C25-813RSM

ORDER GRANTING MOTION FOR
LEAVE TO AMEND AND JOINT
MOTION TO AMEND SCHEDULING
ORDER

This matter comes before the Court on Plaintiff's Motion for leave to amend her Complaint and the Joint Motion to Amend Scheduling Order. Dkts. #15 and #23. This case was opened on May 2, 2025. Dkt. #1. Plaintiff filed a Motion on July 25, 2025, seeking leave to add a single cause of action for violation of the Washington Insurance Fair Conduct Act ("IFCA"). Defendant filed an opposition brief. Dkt. #17. Neither party requests oral argument.

According to the proposed amended complaint, a water damage event occurred at the home of Mr. Johansen while he was away on a cruise. Dkt. #15-1 at 6. Mr. Johansen passed away during that trip. *Id.* He left his estate, including the home, to his daughter Kari Callaway. *Id.* A claim was made to Liberty Mutual for the water damage. *Id.* On February 16, 2024, Liberty Mutual issued an estimate of $38,224.17 to repair and/or replace the damage caused by

ORDER GRANTING MOTION FOR LEAVE TO AMEND AND JOINT MOTION TO AMEND SCHEDULING ORDER - 1

the water loss. *Id*. Ms. Callaway hired a contractor who invoiced her for $92,386.43. *Id*. at 6–7. Liberty Mutual initially refused to pay the difference, and Ms. Callaway and/or the estate paid for the work to be done. *Id*. at 7. She then retained counsel. *Id*. Liberty Mutual sent a letter on September 17, 2024, stating, "[i]n accordance with the policy, we are demanding to appraise the differences between Liberty Mutual's estimate for mitigation and reconstruction and [the contractor's] estimate for mitigation and reconstruction." *Id*. Appraisers selected by the parties agreed that the reasonable value of the mitigation portion of the repair was $47,307.96 and that the reasonable value of the restoration portion of the repair was $88,395.16; in other words, Liberty Mutual initially underpaid Plaintiff a total of $97,478.95. *Id*. at 8. According to Liberty Mutual, it has subsequently paid the full appraisal amounts to Plaintiff, and Plaintiff does not deny this. *See* Dkts. #17 and #19; *see also* Dkt. #18 at 17.

A "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

ORDER GRANTING MOTION FOR LEAVE TO AMEND AND JOINT MOTION TO AMEND SCHEDULING ORDER - 2

Defendant argues that this amendment is futile because "a valuation dispute, in which the insured argues there was a delay in payment due to the difference in valuations of a property loss, is not a valid statutory basis for an IFCA claim" and because "an IFCA claim cannot survive where the insurer has fulfilled the claimant's entire demand." Dkt. #17 at 1.

On Reply, Plaintiff argues that Defendant has not actually paid her "full demand" because even if Defendant eventually paid the benefits owed, that "would not preclude" Plaintiff from recovering "actual damages sustained" including "consequential damages such as those for emotional distress or inconvenience." Dkt. #19 at 3–4 (citing *Metropolitan Grp. Prop. & Cas. Ins. Co. v. Fite*, 738 F. Supp. 3d 1371, 1383 (W.D. Wash. 2024)). Plaintiff also cite *Cohodas v. Cont'l Ins. Co.*, 717 F. Supp. 3d 1008, 1014 (W.D. Wash. 2024) for the proposition that an initial denial of some benefits that leads to even full policy limits being paid later may constitute an IFCA violation. *Id*. at 4. Plaintiff cites many more similar cases. *See id*. at 4–6. Plaintiff does not, however, deny that the full appraisal amount was eventually paid by Liberty Mutual.

The Court finds that, granting all inferences in favor of amendment, Liberty Mutual has failed to demonstrate that the proposed addition of the IFCA claim is futile under the above case law. The allegations indicate that Liberty Mutual followed the terms of the policy in seeking appraisals and that the only allegation supporting an IFCA claim is a delay in payment. The Court cannot tell, however, whether this delay was in good faith or bad faith given the existing record. The proposed complaint does not allege *anything* about the delay because it fails to mention when the payment of the appraisal amount was made, or what Plaintiff or Plaintiff's counsel had to do to get payment. Liberty Mutual also fails to clarify when payment of the appraisal amount was made, or to set forth facts demonstrating conclusively that the

delay was due to a good faith dispute.  The unsatisfactory record here *might* support dismissal of this claim under the summary judgment standard.  *See Beasley v. State Farm Mut. Auto. Ins. Co.*, No. C13-1106-RSL, 2014 WL 1494030, at *6 (W.D. Wash. Apr. 16, 2014) ("Where, as here, the delay in payment is due to a dispute over the amount owed, the delay alone does not constitute a denial of payment under IFCA."); *see also Jelinek v. Am. Nat'l Prop. & Cas. Co.*, 747 F. App'x 513, 515 (9th Cir. 2018) ("A delay in payment due to a good-faith dispute over the value of a claim does not amount to a denial of benefits under IFCA."); *Young v. Safeco Ins. Co. of Am.*, 2022 U.S. Dist. LEXIS 159142, *22 (Sept. 2, 2022).  However, the record does not support a finding of futility because the Court cannot say with any certainty that Plaintiff will be unable to demonstrate bad faith or that Liberty Mutual lacked a good-faith dispute over the value of the claim.

Accordingly, having reviewed the briefing and the remainder of the record, the Court hereby FINDS and ORDERS:

1. Plaintiff's Motion, Dkt. #15, is GRANTED.

2. The parties' Joint Motion to Amend Scheduling Order, Dkt. #23, is GRANTED.

3. The deadline for filing motions related to discovery shall be extended to April 2, 2026.

4. The deadline for completing discovery shall be extended to March 15, 2026.

5. The deadline for filing dispositive motions shall be extended to May 2, 2026.

6. The deadline for mediation per LCR 39.1(c)(3), if requested by the parties, shall be extended to June 17, 2026.

7. The deadline for all motions in limine shall be extended to July 6, 2026.

8. The deadline for the agreed pretrial order shall be extended to July 24, 2026.

9.  The deadline for trial briefs and proposed findings of fact and conclusions of law, designations of deposition testimony pursuant to LCR 32(e), and trial exhibits are due August 3, 2026.

10. The bench trial date shall be extended to a date no sooner than August 10, 2026, and subject to the Court's availability.

11. All other provisions of the Court's June 30, 2025, Order Setting Trial Date and Related Dates, Dkt. # 11, shall remain in full force and effect.

DATED this 15th day of January, 2026.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR LEAVE TO AMEND AND JOINT MOTION TO
AMEND SCHEDULING ORDER - 5